SEAN P. REIS (SBN 184044)
(sreis@edelson.com)
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: (949) 459-2124
Fax: (949) 459-2123

*Attorneys for Plaintiff and the putative class*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAGHAYEGH MISSAGHI, individually and on behalf of a class of similarly situated individuals, | **CV12 - 7472 SJO (Ex)**<br>Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| THE COCA-COLA COMPANY, a Georgia corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Shaghayegh Missaghi brings this class action complaint against Defendant The Coca-Cola Company ("Defendant" or "Coca-Cola"), to stop its practice of making unauthorized text message calls to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

CLASS ACTION COMPLAINT

## NATURE OF THE ACTION

1.      Defendant is one of the largest beverage and soft-drink manufacturers in the world. In an effort to promote a variety of its products and services, Defendant encourages consumers to subscribe to its rewards program. Once subscribed, Defendant floods consumers' cellular telephones with multiple text message calls every week, frequently making unwanted text message calls at all hours of the day.

2.      Frustrated with Defendant's making of excessive automated text message calls (hereinafter, "unauthorized messages"), Plaintiff and the other members of the putative class affirmatively opted-out of receiving further unauthorized text message calls from Coca-Cola. Despite this, Defendant has continued to make unauthorized text message calls to Plaintiff and other consumers throughout the nation long after they have opted-out from receiving any text message calls from Coca-Cola.

3.      By making these unauthorized text message calls, Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies the receipt of unauthorized text message calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such unauthorized text message calls.

4.      In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("47 U.S.C. § 227"), which prohibits the making of unsolicited and unauthorized voice and text calls to cell phones.

5.      On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease the making of all unauthorized message calls and an award of

CLASS ACTION COMPLAINT

2

statutory damages to the class members, together with costs and reasonable attorneys' fees.

**PARTIES**

6.      Plaintiff Shaghayegh Missaghi is a natural person and citizen of the State of Minnesota.

7.      Defendant The Coca-Cola Company is a corporation incorporated and existing under the laws of the State of Georgia with its principal place of business located at 1 Coca Cola Plaza, Atlanta, Georgia 30313. Coca-Cola does business throughout the United States, the State of California and this District.

**JURISDICTION**

8.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

9.      The Court has personal jurisdiction over the Defendant because Defendant conducts operations and sales in California, Defendant is registered to conduct business in California, and the text message calls alleged herein originated nationwide from Defendant's agents located in California.

**VENUE**

10.      Venue is proper in this District under 28 U.S.C. § 1391(a) because Defendant resides in this District and because a substantial part of the events giving rise to the claim occurred in this District, as Defendant's agents that transmitted the text message calls at issue also reside in this District and the text messages calls were made by or on behalf of Defendant from this District.

**COMMON FACTUAL ALLEGATIONS**

CLASS ACTION COMPLAINT

3

11.     In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk correspondence cheaply.

12.     A "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

13.     An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

14.     Unlike more conventional advertisements, unauthorized telephone calls to cellular telephones frequently cost the recipients money, because cell phone users like Plaintiff must pay their respective wireless service providers either for each text message call they receive or for a text plan that includes a number of messages, regardless whether or not the message is authorized.

15.     Beginning at least as early as 2006, Defendant began making and to this day continues to make text message calls to Plaintiff's and the other Class member's cellular phones without consent.

16.     For instance, in early 2012, Plaintiff's cell phone rang, indicating that a text call was being received. The "from" field of such transmission was identified cryptically as "2653," a format which is an abbreviated telephone number known as an SMS short code operated by Defendant's agents. The body of such text

CLASS ACTION COMPLAINT

4

message read:

> MyCokeRewards: Enter now for your chance to win
> Coke(R) and Pringles(R) for a year.
> http://cokeurl.com/mSnacks NoPurNec. Ends 2/29/12.
> Reply HELP for help.

17.    Each text message call made by or on behalf of Defendant contained a URL (e.g., http://cokeurl.com/mSnacks and http://cokeurl.com/newFB) that directed consumers to websites owned and operated by Defendant.

18.    None of the text message advertisements made by Defendant provided Plaintiff with an opportunity to opt-out of receiving future messages.

19.    Nevertheless, Plaintiff texted "STOP" to "2653" in an attempt to opt-out of receiving future text message calls from Defendant. Unfortunately, Defendant ignored Plaintiff's request and continued to bombard her cell phone with unauthorized text message calls advertising its products.

20.    In or around July 2012, Plaintiff again attempted to affirmatively opt-out of receiving Defendant's text message calls by texting "STOP" to "2653." Instead of honoring Plaintiff's request, Defendant made another text message call to Plaintiff that read:

> Coca-Cola: Reply STOP1 for MyCokeRewards, Reply
> STOP3 for Move to the Beat

21.    Plaintiff responded to the above text message call by sending the message "STOP3" to "2653." Thereafter, Defendant made the following text message call to Plaintiff:

> Coca-Cola: Hey, we don't recognize your number. Please
> text using the phone that you used to sign up or go to
> www.coca-cola.com/theolympics Txt STOP to stop

22.    Plaintiff responded to that text call by sending the text message "STOP" to "2653." Notwithstanding, Defendant ignored Plaintiff's "STOP"

CLASS ACTION COMPLAINT

request and proceeded to make the following consecutive text message calls to Plaintiff:

> Coca-Cola: Reply STOP1 for MyCokeRewards, Reply
> STOP3 for Move to the Beat

> \*              \*              \*

> Coca-Cola: Hey, we don't recognize your number. Please
> text using the phone that you used to sign up or go to
> www.coca-cola.com/theolympics Txt STOP to stop

23.    Plaintiff responded to those text calls by sending the text message "STOP1" to "2653." Defendant then transmitted the following text message to Plaintiff's cellular phone:

> MyCokeRewards: Sorry to see you go. You will not
> receive future messages from My Coke Rewards. Reply
> HELP for help. mycokerewards.com

24.    Subsequently, on or around August 10, 2012, and despite its own confirmation that it would no longer make text message calls to Plaintiff's cell phone, Defendant ignored Plaintiff's opt-out requests, and made the following text message call to her cellular phone:

> MyCokeRewards: You can save 25% at T-Shirts.com on
> a huge selection of shirts the whole family can enjoy.
> Discounts @ cokeurl.com/mTee Reply HELP for help

25.    Then again, on or around August 17, 2012, and despite its own confirmation that it would no longer make text message calls to Plaintiff's cell phone, Defendant again ignored Plaintiff's opt-out requests, and made the following text message call to her cellular phone:

> MyCokeRewards: Check out the My Coke Rewards Fan
> Relay video. Watch to see if you have a cameo
> appearance. CokeURL.com/mRlay. Text HELP for help.

CLASS ACTION COMPLAINT

6

26.     Plaintiff did not consent to, request, or otherwise desire or permit Defendant to transmit or make these unauthorized text message calls to her cellular phone.

27.     Defendant made or transmitted, or had made or transmitted on its behalf, the same (or substantially the same) text message calls *en masse* to a list of thousands of cellular telephone numbers or randomly generated phone numbers.

28.     On information and belief, Defendant made these text message calls to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

## CLASS ALLEGATIONS

29.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a class (the "Class") defined as follows:

> All persons in the United States and its Territories who received one or more unauthorized text message calls from or on behalf of Coca-Cola.

30.     **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made unauthorized text message calls to tens of thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

31.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

32.     **Adequate Representation**: Plaintiff will fairly and adequately

CLASS ACTION COMPLAINT

represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

33.  **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

>   (a)  whether Defendant's conduct constitutes a violation of the TCPA;
>
>   (b)  whether the equipment Defendant used to make the text message calls in question was an automatic telephone dialing system as contemplated by the TCPA; and
>
>   (c)  whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

34.  **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By

CLASS ACTION COMPLAINT

contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

35.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

36.     Defendant made unsolicited commercial text message calls to the wireless telephone numbers of Plaintiff and the Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

37.     These text message calls were made *en masse* and without the prior express consent of the Plaintiff and the other members of the Class.

38.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each violation of such act.

39.     Because Defendant's misconduct was willful and knowing, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shaghayegh Missaghi, individually and on behalf of the Class, prays for the following relief:

(a)     An order certifying the Class as defined above, appointing Plaintiff Shaghayegh Missaghi as the representative of the Class, and appointing her counsel as Class Counsel;

CLASS ACTION COMPLAINT

(b)     An award of actual and statutory damages;

(c)     An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of Plaintiff and the Class;

(d)     An award of reasonable attorneys' fees and costs; and

(e)     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: August 30, 2012          **SHAGHAYEGH MISSAGHI**, individually and on behalf of all others similarly situated,

By: _____
      One of Plaintiff's Attorneys

SEAN P. REIS (SBN 184044)
(sreis@edelson.com)
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone:  (949) 459-2124
Facsimile:  (949) 459-2123

CLASS ACTION COMPLAINT

10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV12-7472 SJO (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| SHAGHAYEGH MISSAGHI, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| THE COCA-COLA COMPANY, a Georgia corporation, | ) ) ) |
| _____ | ) |
| *Defendant(s)* | ) |

**CV12 - 7472 SJO (Ex)**

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  THE COCA-COLA COMPANY, a Georgia corporation, 1 Coca Cola Plaza, Atlanta, Georgia 30313

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Sean Reis, Edelson McGuire LLP, 30021 Tomas Street, Suite 300, Rancho Santa Margarita, CA 92688

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

**DODJIE LAGMAN**

Date:  **AUG 3 0** 2012    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

 designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                              *Server's signature*

                                                  _____
                                                              *Printed name and title*


                                                  _____
                                                              *Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SHAGHAYEGH MISSAGHI, individually and on behalf of a class of similarly situated individuals,

**DEFENDANTS**
THE COCA-COLA COMPANY, a Georgia corporation,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Sean Reis, Edelson McGuire LLP, 30021 Tomas Street, Suite 300, Rancho Santa Margarita, CA 92688 (949) 459-2124

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No      ☒ **MONEY DEMANDED IN COMPLAINT:** $ 5,000,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332(d) (jurisdiction); 47 U.S.C. § 227

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV12 - 7472 SJO (Ex)**

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Minnesota |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose**.**
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note**: In land condemnation cases, use the location of the tract of land involved                                                                               .

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   **Date** 8-30-12 _____

     **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
     or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
     but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |